KRUCK PIANO COMPANY, A CORPORATION, PLAINTIFF,
v. JULIE BANZHOFF, DEFENDANT.

Argued October 8, 1923—Decided December 4, 1923.

Corporations—Capital—Payment of Subscriptions—Formal Assessment by Directors Necessary in Solvent Corporations Before Cause of Action Accrues.

On motion to strike out complaint.

For the motion, *Grover C. Richman.*

*Contra, C. Richard Allen.*

The opinion of the court was delivered by

KATZENBACH, J. The complaint in the above case states that on July 3d and July 6th, 1922, Julie Banzhoff subscribed for and purchased of the Kruck Piano Company twenty-five thousand and one shares of its capital stock and agreed to pay therefor one dollar per share; that the said stock was on July 3d and July 6th, 1922, delivered to the defendant; that the defendant has paid on account of said stock the sum of $17,370, leaving a balance due of $7,631. The complaint does not state that the directors made an assessment or call upon the stock held by the defendant for the amount sued for. It was admitted in the agreement that no call had been made. The defendant moves to strike out the complaint because it sets forth no cause of action, a call by the board of directors being necessary before any action can be taken against a stockholder.

The procedure for the payment into the treasury of a corporation of the amount due on the capital stock of the corporation subscribed for is set forth in sections 21 and 22 of the Corporation act. 2 *Comp. Stat., p.* 1610. These sections provide as follows:

"21. Liability of stockholders on non-paid-up stock.— Where the whole capital of a corporation shall not have

been paid in, and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

"22. Assessments on stock; notice.—The directors of every corporation may, from time to time, make assessments upon the shares of stock subscribed for, not exceeding, in the whole, the par value thereof; and the sums so assessed shall be paid to the treasurer at such times and by such installments as the directors shall direct, said directors having given thirty days' notice of the assessment and of the time and place of payment either personally or by mail or by publication in a newspaper published in the county where the corporation is established."

The situation in the present case as disclosed by the complaint, is the usual contract of a subscribed for capital stock of a corporation. Counsel for the plaintiff contends that the defendant by accepting the stock agreed to pay the whole of the price thereof immediately and that an action for the agreed price or unpaid balance of the subscription may be instituted without any action by the board of directors under the sections of the Corporation act above quoted. If this were the law actions such as in the present case would often lead to great injustice by those in control of the corporation. A single stockholder might be sued for the entire amount due upon his subscription and other stockholders exempted from action, so that one or a few of those subscribing for the capital stock might be made to furnish all of the capital embarked in the enterprise. The policy of the law is to make all stockholders pay an equal amount per share into the treasury of the company. This result has uniformly been obtained through the plan of calls by action of the board of directors for payment of percentages on the capital stock subscribed and notice to the stockholders of the amount to be paid and the time fixed for payment.

The following authorities in this state support this method of procedure: *Grosse Isle Hotel Co.* v. *L'Anson's Executors*, 42 *N. J. L.* 10; *Braddock* v. *Railroad Co.*, 45 *Id.* 363; *Storage Co.* v. *Assessors*, 56 *Id.* 389; *McDermott* v. *Woodhouse*, 87 *N. J. Eq.* 615. Mr. Justice Depue, in *Storage Co.* v. *Assessors, supra,* stated the law tersely in these words: "A subscription to stock imports a promise by the subscriber to pay the face value of the shares of stock subscribed for, in compliance with assessments lawfully made, for the recovery of which the corporation may maintain a suit at law."

Counsel for the plaintiff contends that these cases have been overruled by the case of *Robson* v. *Fenniman Co.* 83 *N. J. L.* 453, where Chief Justice Gummere, speaking for the Court of Errors and Appeals, said: "It is contended that the plaintiff's obligation to pay his subscription did not arise until demand had been made upon him by the company to do so, and that the proofs in the case do not disclose that any such action was taken by the defendant. We cannot concede that the plaintiff's obligation to pay his subscription did not become binding until demand for such payment was made upon him. *McCarter, Receiver,* v. *Ketcham,* 74 *N. J. L.* 825, would seem to be an authority to the contrary. But, assuming the contention to be well founded, we consider the claim made by the defendant by way of set-off a sufficient demand to establish the plaintiff's liability."

This language was applicable only to the special features of the case under consideration in which the question involved was one of salary due an officer and not payment on capital stock subscribed for, and is not, in my opinion, a repudiation of the principle that the amount of a stock subscription cannot be recovered from stockholders until after a regular and lawful assessment has been made by the board of directors.

If a corporation had purchased its own shares of stock, which had been fully paid, and then resold them under a contract which required full payment upon delivery of the shares, a suit could be maintained for the full purchase price. But the complaint in this case alleges no such facts.

The complaint will be stricken out.